**Affirmed and Memorandum Opinion filed July 25, 2017.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-16-00714-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**KODI JAMES WRIGHT, Appellee**

**On Appeal from the County Court at Law No 1
Galveston County, Texas
Trial Court Cause No. MD-361195**

## M E M O R A N D U M   O P I N I O N

Appellee Kodi James Wright was charged with Driving While Intoxicated. *See* Tex. Penal Code § 49.04 (West 2015). Appellee filed, and the trial court granted, a motion to suppress all statements and tangible evidence at the time of and after the stop, arrest, and search of appellee. The State appeals the trial court's order. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West 2015) (State's appeal). In two issues, the State contends that the trial court abused its discretion in granting the motion to

suppress because (1) "the totality of the circumstances established that the detention was based on reasonable suspicion and the arrest was supported by probable cause"; and (2) "[t]he State does not have a burden to prove venue at a motion to suppress hearing[.]" We cannot say that the record does not support the trial court's ruling that the investigative detention was not supported by reasonable suspicion. We affirm.

## BACKGROUND

On December 11, 2015, Galveston County Sheriff Deputy Manuel was dispatched to investigate a "traffic complaint" made by a "known caller" about a "vehicle traveling on one of the roadways." The caller told dispatch the car's make, model, and license plate, and stated that the car pulled into a McDonald's parking lot on Grand Avenue. Manuel arrived at the parking lot two to three minutes after the call. He located the car described by the caller and observed appellee sleeping in the driver's seat. Manuel then made contact with and detained appellee to conduct an investigation and then arrested him for the offense of DWI.

Appellee filed a motion to suppress all statements and tangible evidence arguing that Manuel stopped, arrested, and searched appellee without a warrant, reasonable suspicion, and probable cause. Appellee also argued that Manuel lacked appellee's voluntary consent to draw a sample of his blood. The trial court conducted a hearing on appellee's suppression motion.

At the hearing, the parties stipulated that Manuel did not have a warrant. The trial court then heard testimony from Manuel and arguments of counsel. Neither the caller nor the dispatcher testified. Manuel stated three times that he could not recall what the traffic complaint was about. After he testified that he observed appellee sleeping in the driver's seat, he said that he did not "really recall exactly anything other than that." The State played Exhibit 1, a video captured by Manuel's dash-

2

cam. The video's audio indicates that when Manuel first approached appellee, Manuel stated "We got a call that this car sat at this intersection right here and stopped for two light cycles and then pulled in here to McDonald's." The State did not play the recording of the caller's complaint to dispatch, if any, and it is not available for our review.

After granting appellee's motion to suppress, the trial court issued findings of fact and two conclusions of law. The trial court found, in part:

> 2. . . . Galveston County dispatch reported that they had received a phone call from a "known caller" about a "vehicle travelling on one of the roadways."
>
> 3. Deputy Manuel stated that he was given the make, model and license number of the vehicle by dispatch and was told that the vehicle had pulled into "the McDonald's parking lot[.]"
>
> . . . .
>
> 5. Deputy Manuel stated that he could not recall what the nature of the vehicle's activity on the call was about. He reiterated that statement on three separate occasions during his testimony[.]
>
> 6. Deputy Manuel stated that "there was basically a traffic complaint."
>
> . . . .
>
> 12. Deputy Manuel stated he called and spoke to the caller to dispatch *after* arresting the defendant.
>
> 13. The State failed to show the nature of any traffic violations or any other actions by the defendant, only a "traffic complaint," prior to the defendant's detention.

The trial court concluded that (1) "[t]he State's sole witness failed to articulate specific facts necessary to detain [appellee] and to establish probable cause to arrest [appellee] for suspicion of [DWI] in Galveston County, Texas" and (2) "[a]ny facts or issues subsequent to those listed above are rendered moot." The State timely appealed. Appellee has not filed a brief.

3

The State's first issue has three sub-parts. First, the State asserts that pursuant to an off-record conference, the suppression hearing was limited in scope to the blood-draw consent issue and, accordingly, the record is not fully developed on the probable-cause issue. The State contends that if we affirm on the basis that Manuel did not have probable cause to arrest, it would "work[] a manifest injustice." Next, the State argues that the investigative detention was supported by reasonable suspicion because the totality of circumstances established that a traffic violation occurred. Finally, the State argues that the arrest was supported by probable cause.

## A. Standard of review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We afford almost total deference to the trial court's determination of historical facts, provided that those determinations are supported by the record. *Id.*; *State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011). We review de novo the trial court's application of law to those facts. *Valtierra*, 310 S.W.3d at 447.

In a motion-to-suppress hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Id.*; *Smith v. State*, 491 S.W.3d 864, 870 (Tex. App.—Houston [14th Dist.] 2016, pet ref'd). When, as here, the trial court makes express findings of fact, we view the evidence in the light most favorable to the ruling and determine whether the evidence supports the fact findings. *Valtierra*, 310 S.W.3d at 447. We sustain the trial court's ruling if it is supported by the record and is correct on any theory of law applicable to the case. *Id.* at 447–48.

## B. Applicable law

The Fourth Amendment of the United States Constitution protects individuals from unreasonable seizures. *See, e.g.*, *Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963). An investigative detention is a seizure for Fourth Amendment purposes. *See Francis v. State*, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996). To conduct an investigative detention without a warrant, a police officer must have reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). When, as here, the State stipulates to a warrantless arrest, the State bears the burden of establishing the reasonableness of the detention. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). Absent exceptions not applicable here,[1] if a detention is unsupported by reasonable suspicion, tangible evidence and statements obtained as a result of the detention must be suppressed. *See Wong Sun*, 371 U.S. at 484–85; *see also* Tex. Code Crim. Proc. Ann. art. 38.23 (West 2015) (prohibiting admission of evidence "obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States").

Reasonable suspicion exists if the police officer "has specific, articulable facts that, combined with rational inferences from those facts," reasonably lead to the conclusion that the person detained is, has been, or will soon be engaged in criminal activity. *Derichsweiler*, 348 S.W.3d at 914. This objective standard looks to the totality of the circumstances. *Id.* This standard considers not whether particular conduct is innocent or criminal, but rather the degree of suspicion that attaches to particular noncriminal acts. *Id.*

---

[1] The State does not argue that an exception to the exclusionary rule applies. *See, e.g.*, *State v. Jackson*, 464 S.W.3d 724, 734 (Tex. Crim. App. 2015) (discussing exception to exclusionary rule where taint of unconstitutional detention dissipated upon intervening circumstance).

The detaining officer does not need to be personally aware of every fact that objectively supports reasonable suspicion. *Id.* Instead, we consider the cumulative information known by all the "cooperating officers" at the time of the detention. *Id.* A 911 police dispatcher is considered a cooperating officer. *Id.* If a citizen-informant identifies herself and may be held accountable for the accuracy and veracity of her report, then the information she provides also may be regarded as reliable. *Id.* at 914–15.

The facts need not point to a particular and distinctively identifiable criminal offense. *Id.* at 917. It is only necessary for the information to be sufficiently detailed and reliable to "suggest that something of an apparently criminal nature is brewing" or afoot. *Id.* However, the information must amount to more than a mere hunch or intuition. *Id.* The facts must show that an unusual activity occurred, suggest a connection between the detainee and the unusual activity, and provide some indication the unusual activity is related to a crime. *Id.* at 916.

## C. No abuse of discretion in concluding that Manuel lacked reasonable suspicion

We first consider the State's second sub-issue about whether Manuel lacked reasonable suspicion. The totality of circumstances in the record shows that Manuel made contact with and detained appellee based upon information obtained from the police dispatcher. That information came from a reliable caller who informed dispatch about a "traffic complaint" about a particular car "traveling on one of the roadways" that turned into a McDonald's parking lot. This information is vague and presents no activity for review. *See id.* (specific, articulable facts must show that an unusual or criminal activity occurred). On this record, the trial court was correct in concluding that Manuel "failed to articulate specific facts necessary to detain the defendant."

The State argues that Manuel had reasonable suspicion to believe criminal activity was afoot because, in addition to the fact that an informant made a "traffic complaint," the dash-cam video shows Manuel telling appellee the nature of the complaint: the car sat through two cycles of a traffic light. The trial court discounted the video-statement by finding that the State "failed to show the nature of any traffic violations or any other actions by the defendant[.]" As the trier of fact, the trial court was entitled to give more weight to Manuel's in-court sworn testimony than to the video-statement. *See Smith*, 491 S.W.3d at 870. We conclude the trial court did not abuse its discretion in granting the motion to suppress. We overrule the State's first issue.

Because we find the trial court committed no abuse of discretion in concluding that Manuel lacked reasonable suspicion of criminal activity when he conducted his investigative detention, we do not address the State's first and third sub-issues on probable cause. *See* Tex. Crim. Proc. Code Ann. art. 38.23 (West 2015) (providing that evidence obtained in violation of Constitution shall not be admitted in evidence against accused); Tex. R. App. P. 47.1 (providing that appellate courts must address "every issue raised and necessary to final disposition of the appeal.").

With regard to the State's second issue, we need not determine whether the State had a burden to prove venue at the suppression hearing because we affirm the order on the basis that Manuel lacked reasonable suspicion. *See* Tex. R. App. P. 47.1; *Valtierra*, 310 S.W.3d at 447–48 (appellate court sustains ruling if it is correct on any theory of law applicable to case). We overrule the State's second issue.

7

## CONCLUSION

Having overruled the State's two issues, we affirm the trial court's order granting the motion to suppress.

/s/    Marc W. Brown
Justice

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).